GEOFFREY B. GOMPERS & ASSOCIATES, P.C.
BY: GEOFFREY B. GOMPERS, ESQUIRE
1515 MARKET STREET, SUITE 1650
PHILADELPHIA, PA 19102
(215) 567-6600

JEFFREY R. LESSIN & ASSOCIATES, P.C.
BY: JEFFREY R. LESSIN, ESQUIRE
1515 MARKET STREET, SUITE 1650
PHILADELPHIA, PA 19102
(215) 599-1400                                    ATTORNEYS FOR PLAINTIFF

---

ANGELA VELASQUEZ                        : UNITED STATES DISTRICT COURT
203 West River Street                   :
1st Floor Left Side                     : MIDDLE DISTRICT of PENNSYLVANIA
Wilkes Barre, PA 18702                  :
     vs.                              :
CITY OF WILKES-BARRE, c/o Wilkes-Barre  :
Police Department,                      :
15 N. Washington Street                 :
Wilkes-Barre, PA 18701                  : No.
     and                              :
Police Officer TWERDY (Badge No. Unknown) :
c/o Wilkes-Barre Police Department,     :
15 N. Washington Street                 :
Wilkes-Barre, PA 18701                  :
     and                              :
Police Officer JOHN DOE (Badge No. Unknown) :
c/o Wilkes-Barre Police Department,     :
15 N. Washington Street                 :
Wilkes-Barre, PA 18701                  :
     and                              :
UNIQUE L. JONES                         :
671 Westchester 12B                     :
Bronx, NY 10455                         :
  Serve at:                            :
Luzerne County Corrections Facility     :
Water Street                            :
Wilkes-Barre, PA 18711                  :
     and                              :
TERDELL WEES                            :
324 Parkview Circle, Apt. 72            :
Wilkes-Barre, PA 18702                  :
     and                              :
PENNSYLVANIA FINANCIAL RESPONSIBILITY   :
ASSIGNED CLAIMS PLAN                    :
11 Penn Center                          :
1835 Market Street, Suite 700           :
Philadelphia. PA 19103                  :

## COMPLAINT

## PARTIES

1.    Plaintiff **ANGELA VELASQUEZ** is an adult individual who resides at the above-captioned address.

2.    Defendant, **CITY OF WILKES-BARRE** (hereinafter "Defendant **CITY**"), is a municipality and local agency as defined by Pennsylvania law, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at the above address and, at all times relevant hereto, through its police department, was the employer of Defendants **Police Officer TWERDY** and **Police Officer JOHN DOE**.

3.    Defendant **Police Officer TWERDY** (hereinafter "Defendant **TWERDY**") is an adult individual who at all times relevant hereto was employed by Defendant **CITY** as a police officer, who may be served at the above-captioned address.  At all times relevant hereto, Defendant **TWERDY** acted in the scope and authority of his employment with Defendant **CITY.**

4.    Defendant **Police Officer JOHN DOE** (hereinafter "Defendant **DOE**") is an adult individual who at all times relevant hereto was employed by Defendant **CITY** as a police officer, who may be served at the above-captioned address.    At all times relevant hereto, Defendant **DOE** acted in the scope and authority of his employment with Defendant **CITY.**

5.    Defendant **UNIQUE L. JONES** (hereinafter "Defendant **JONES**") is an adult individual who resides, and/or can be served at the above-captioned addresses.

6.    Defendant **TERDELL WEES** (hereinafter "Defendant **WEES**")is an adult

individual who resides at the above-captioned address.

7.     Defendant **PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN** (hereinafter "Defendant **PFRACP**") is a legal entity created to provide benefits to motor vehicle accident victims under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et seq.("MVFRL").  Defendant **PFRACP** has its principal place of business at the above-captioned address. Defendant **PFRACP** is named as a Defendant in this action  because: Defendant **JONES** was uninsured at all times relevant hereto; because there is no other applicable source of first party medical coverage or uninsured motorists coverage available to the Plaintiff; and, because the **PFRACP** has not paid the benefits to which the Plaintiff **ANGELA VELASQUEZ** is entitled by statute.

## FACTUAL BACKGROUND

8.     On or about February 10, 2021, at approximately 3:30 p.m., Plaintiff **ANGELA VELASQUEZ** was a pedestrian who was walking across South Main Street at its intersection with Northampton Street, in Wilkes-Barre, Pennsylvania.  The Plaintiff was walking in a cross-walk and had a green traffic signal for her direction of travel.

9.     On the aforesaid date and time, Defendant **JONES** was operating a 2008 Chevrolet Impala owned by Defendant **WEES** on Northampton Street in the vicinity of its intersection with South Main Street.  Defendant **JONES** was traveling at a high rate of speed because Defendant **JONES** was being pursued by police officers operating cruisers owned by Defendant **CITY** and operated by Defendants **TWERDY** and **DOE** who were involved in a high speed police chase of Defendant **JONES**.

10.     The high speed chase was initiated by Defendant police officers **TWERDY,**

**DOE,** and/or other police officers unidentified to date, each acting in the course and scope of their employment as police officers with the Defendant **CITY**.

11.    During the high speed chase,   Defendant **JONES**, operating the vehicle of Defendant **WEES**, violently struck the pedestrian, Plaintiff **ANGELA VELASQUEZ**, in the intersection at South Main and Northampton Streets.

12.    The violent collision between the vehicle owned by Defendant **WEES** and operated by Defendant **JONES** and the Plaintiff pedestrian  was the direct result of the high speed chase that was improperly initiated and maintained by Defendants **TWERDY** and/or **DOE**.

**COUNT I**
**Plaintiff ANGELA VELASQUEZ v. Defendants CITY,**
**TWERDY and DOE**
**STATE NEGLIGENCE CLAIM**

13.    Plaintiff incorporates the averments of paragraphs one through twelve above by reference as fully as though they were set forth here at length.

14.    At all times relevant hereto, particularly immediately prior to the collision which is the subject of this suit, Defendants **TWERDY, DOE,** and/or other as yet unidentified police officers of the Defendant **CITY**, recklessly, negligently and carelessly initiated and/or maintained a lengthy high speed police chase of Defendant **JONES**.  The chase took place on narrow urban streets in a densely populated and area of the City of Wilkes-Barre which is subject to heavy pedestrian traffic.

15.    The recklessness, carelessness and/or negligence of the Defendant **CITY** and of Defendants **TWERDY** and **DOE,** who were the agents and/or employees of Defendant **CITY**, and were acting in the course and scope of their agency and

employment, consisted of the following acts and/or omissions:

(a) Operating the said **CITY** police cruisers in pursuit of Defendant **JONES** in a motor vehicle chase conducted at a high and excessive rate of speed under the circumstances, directly leading to the collision between the motor vehicle operated by Defendant **JONES** and the Plaintiff's body;

(b) Failing to comply with Wilkes-Barre Police Department rules, regulations, instructions and/or directives regarding vehicle pursuits and any other departmental rules, regulations, instructions and/or directives pertaining to vehicle chases or high speed chases;

(c) Failing to have the said **CITY** police cruisers under proper and adequate control at the time of the collision;

(d) Operating the said **CITY** police cruisers in a reckless and careless manner without due regard for the rights and safety of those lawfully upon the highway in the vicinity, including the Plaintiff pedestrian who was legally crossing the roadway at a traffic signal;

(e) Failing to give proper and sufficient warning to Plaintiff and other citizens in the vicinity of the high speed vehicle chase they were conducting;

(f) Failing to pay attention to pedestrian traffic while conducting a high speed vehicle chase;

(g) Failing to take into account the safety of others, including the Plaintiff,

when initiating and maintaining the aforesaid high speed vehicle pursuit of Defendant **JONES**;

(h)     Conducting a high speed vehicle pursuit through residential streets without due care for innocent bystanders;

(i)     Initiating and/or maintaining a dangerous high speed vehicle pursuit which caused, led to, and/or encouraged Defendant **JONES** to operate the said vehicle at a high rate of speed; and

(j)     Failing to follow reasonable policies, procedures and/or precautions about both the high speed vehicle pursuit of suspects and the use of sirens and lights while conducting a dangerous high speed vehicle pursuit, and deciding to initiate and/or maintain such high speed pursuit.

16.     As a direct result of the negligence of Defendant **CITY** and Defendants **TWERDY** and/or **DOE** acting as aforesaid, Plaintiff **ANGELA VELASQUEZ** was caused to sustain serious, debilitating and life-altering injuries including, but not limited to: right type 3 open segmental proximal tibial shaft fracture with proximal tibia-fibula dislocation and significant degloving injury and soft tissue injuries; left knee laceration; left knee traumatic arthrotomy; left knee lateral rent in the capsular tissue, as well as bony defect; right lower extremity injuries requiring above the knee amputation, and involving post-surgical osteomylytis, infection and revision surgeries and debridement; soft tissue and ulceration issues at the stump of the right leg amputation; left lower extremity wound which led to infection which necessitated debridement; left knee wound infection; ambulatory

dysfunction; adjustment insomnia; post-traumatic stress disorder; as well as a severe shock to the nerves and nervous system, and she was or may have been otherwise injured, whereby Plaintiff **ANGELA VELASQUEZ** has suffered and will continue to suffer in the future.

17.    Plaintiff **ANGELA VELASQUEZ** may have sustained other injuries and pre-existing conditions may have been aggravated and/or exacerbated.

18.    Plaintiff **ANGELA VELASQUEZ** avers that the injuries she sustained are life-altering, and of a permanent nature and character.

19.    As a further direct result of the aforesaid incident, Plaintiff **ANGELA VELASQUEZ** has been unable in the past, and is likely to continue to be unable in the future, to attend to her usual duties, activities, vocations and avocations, all to her great financial loss and detriment.

20.    As a further direct result of the aforesaid incident and resultant injuries, Plaintiff **ANGELA VELASQUEZ**  has been required to expend or become liable for the payment of substantial sums of money for surgeries, procedures, medicines and medical attention for the care, treatment and attempted cure of the injuries she sustained, all to her great financial loss and detriment.

21.    As a further direct result of the aforesaid collision, and her resultant injuries, Plaintiff **ANGELA VELASQUEZ** has been caused to undergo in the past, and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to her great financial loss and detriment.

22    Plaintiff **ANGELA VELASQUEZ** is subject to the Full Tort Threshold in

accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A § 1701, et seq.

23.    Plaintiff **ANGELA VELASQUEZ** has medical expenses which exceed the statutory and contractual benefits available to her under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A § 1701, et seq.

**WHEREFORE,** Plaintiff, **ANGELA VELASQUEZ**, demands judgment against Defendants **CITY, TWERDY** and/or **DOE** in an amount in excess of **FIFTY THOUSAND ($50,000.00) DOLLARS.**

### COUNT II
### Plaintiff ANGELA VELASQUEZ v. Defendant JONES

24.    Plaintiff incorporates the averments of paragraphs one through twenty-three above by reference as fully as though they were set forth here at length.

25.    At the aforesaid time and place, Defendant **JONES** operated the said vehicle in such a careless and negligent manner as to cause the vehicle he was driving to violently collide with the Plaintiff's body.

26.    The carelessness and/or negligence of the Defendant **JONES**, consisted of the following acts and/or omissions:

      (a)    Operating said motor vehicle at a high and excessive rate of speed under the circumstances;

      (b)    Failing to comply with Pennsylvania statutes relative to vehicle speed and traffic control devices at intersections;

      (c)    Failing to have said motor vehicle under proper and adequate control at the time of the accident;

(d)    Operating said motor vehicle in a careless manner without due regard for the rights and safety of those lawfully upon the highway in the vicinity, one of whom was the pedestrian Plaintiff;

(e)    Failing to give proper and sufficient warning of the approach of the vehicle he was driving to the Plaintiff and other citizens in the vicinity;

(f )    Failing to pay attention to pedestrians, traffic and traffic control devices;

(g)    Failing to take into account the safety of others, including the Plaintiff; and

(h)    Speeding through residential streets without due care for innocent bystanders.

27.    As a direct result of the negligence of Defendant **JONES** acting as aforesaid, Plaintiff **ANGELA VELASQUEZ** was caused to sustain serious injuries and damages set forth in paragraphs 16 through 21 above.

**WHEREFORE,** Plaintiff **ANGELA VELASQUEZ** demands judgment against Defendant **JONES** in an amount in excess of **FIFTY THOUSAND ($50,000.00) DOLLARS.**

**COUNT III**
**Plaintiff ANGELA VELASQUEZ v. Defendant WEES**
**Negligence**

28.    Plaintiff incorporates the averments of paragraphs one through twenty-seven above by reference as fully as though they were set forth here at length.

29.    At all times relevant hereto, Defendant **WEES** owned and possessed the motor vehicle involved in the collision which is the subject of this lawsuit.

30.    At all times relevant hereto, Defendant **WEES** acquiesced and/or gave permission for Defendant **JONES** to drive the vehicle owned by Defendant **WEES**.

31.    At some time before Defendant **JONES**'s collision with the Plaintiff, Defendant **WEES** gave possession of his motor vehicle to Defendant **JONES**.

32.    At all times relevant hereto, Defendant **JONES** was acting as the agent of Defendant **WEES** and was acting in the course and scope of the agency relationship.

33.   On the aforesaid date and time, Plaintiff **ANGELA VELASQUEZ** was a pedestrian properly crossing the street as averred above.

34.  At the aforesaid time and place, the vehicle owned by Defendant **WEES** and operated by Defendant **JONES** was so carelessly, recklessly and/or negligently operated and/or controlled that it was caused to strike the Plaintiff **ANGELA VELASQUEZ**, causing her to suffer the severe and permanent injuries, as set forth above.

35.  The carelessness, recklessness and negligence of the Defendant **WEES**, individually an by and through his agent, Defendant **JONES**, consisted of the following:

   (a)    Failing to have said motor vehicle under proper and adequate control at the time of the accident;

   (b)    Operating said motor vehicle in a reckless manner without due regard for the rights and safety of those lawfully upon the highway;

   (c)    Failing to give proper and sufficient warning of the approach of said vehicle;

   (d)    Failing to see the Plaintiff while operating said motor vehicle, when Plaintiff was clearly visible;

(e)     Failing to yield to Plaintiff who was clearly visible to Defendant;

(f)     Failing to sound the horn as he approached Plaintiff;

(g)     Failing to apply the brakes prior to striking Plaintiff;

(h)     Otherwise failing to exercise due and proper care under the circumstances; and,

(i)     Negligently entrusting his motor vehicle to Defendant **JONES**.

36.   By reason of the aforesaid negligence of Defendant **WEES** as described above, the Plaintiff, **ANGELA VELASQUEZ,**  suffered the severe and permanent injuries and damages as averred in Counts I and II above.

**WHEREFORE,** Plaintiff **ANGELA VELASQUEZ** demands judgment against Defendant **WEES** in an amount in excess of **FIFTY THOUSAND ($50,000.00) DOLLARS**

**COUNT IV**
**Plaintiff ANGELA VELASQUEZ v. Defendants**
**TWERDY and/or DOE**
**CIVIL RIGHTS- STATE-CREATED DANGER**

37.     Plaintiff incorporates the averments of paragraphs one through thirty-six above by reference as fully as though they were set forth here at length.

38.     For a period of time before the collision between the vehicle operated by Defendant **JONES** and the Plaintiff pedestrian, Defendants **TWERDY** and/or **DOE** was/were traveling in a **CITY** police cruiser and initiated a high speed pursuit of Defendant **JONES**.

39.     The high speed vehicle pursuit was initiated and maintained by Defendant **DOE** in another section of the **CITY** and was continued and maintained by Defendant **TWERDY** on Northampton Street between Sherman Street and S. Main Street, where the

collision occurred.

40.     The high speed pursuit was initiated in the Heights section of Wilkes-Barre, and continued to the intersection of Sherman Street and Northampton Street, continuing west onto Northampton Street for  approximately 7/10 mile on Northampton Street before Defendant **JONES** violently collided with Plaintiff **ANGELA VELASQUEZ**. The total length of the high speed chase was at least a mile.

41.     While Defendants  **TWERDY** and/or **DOE** assert that they initially turned on their lights and sirens, they also assert that they turned off the lights and sirens as Defendant **JONES** approached the intersection where the subject collision occurred.

42.     The high speed pursuit involved one or all of the vehicles traveling at speeds of up to 100 miles per hour in a neighborhood with a speed limit of 25 miles per hour.

43.     Defendants  **TWERDY** and/or **DOE** initiated and/or maintained a high speed pursuit of Defendant **JONES**, for an alleged traffic offense, through at least a mile of narrow city streets, on a two way undivided roadway, in a densely populated residential area of Wilkes-Barre, knowing that it was likely and probable that Defendant **JONES** would encounter and possibly collide with innocent bystanders as a result of the pursuit.

44.     Defendant **JONES** was not actively fleeing the police when he was initially seen by Defendants **TWERDY** and/or **DOE**.

45.     There was no emergency created by Defendant **JONES'** alleged commission of a traffic violation, and no activity on the part of Defendant **JONES** that would have provided a justification for the initiation and/or maintenance of a dangerous  high speed pursuit of Defendant **JONES**.

46.     Defendants **TWERDY** and/or **DOE** had sufficient time to deliberate  before deciding whether and how to pursue the minor traffic offender, Defendant **JONES**.

47.     Defendants **TWERDY** and/or **DOE** had sufficient time to radio the police dispatcher before deciding whether and how to pursue the minor traffic offender, Defendant **JONES**.

48.     The actions of Defendants **TWERDY** and/or **DOE** reveal a conscious disregard of a great risk of serious harm; thus, they are sufficient to shock the conscience.

49.     Alternatively, because Defendants **TWERDY** and/or **DOE** had sufficient time for unhurried judgments, with time for careful deliberation, the actions of Defendants **TWERDY** and/or **DOE** were done with deliberate indifference; thus they are sufficient to shock the conscience.

50.     The hyper-aggressive decision to engage in a high speed pursuit of Defendant **JONES** was unjustified.

51.     Defendants **TWERDY** and/or **DOE** violated Plaintiff **ANGELA VELASQUEZ**'s substantive due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution pursuant to  42 U.S.C. §1983, under the state-created danger theory.

52.     The state-created danger theory imposes liability on Defendants **TWERDY** and/or **DOE** in this case.

53.     The state-created danger theory embodies the principle that the government has an obligation under the Fourteenth Amendment's Due Process Clause "to protect individuals against dangers that the government itself creates." Sauers v. Borough of Nesquehoning, 905 F. 3d 711 (3d Cir. 2018); citing Haberle v. Troxell, 885 F.3d 170, 176

(3d Cir. 2018).

54.     Pennsylvania citizens may sue police officers who cause injuries during dangerous, high speed chases under the state-created danger theory.  Sauers, supra.

55.     Police officers who cause injuries to innocent bystanders during dangerous, high speed chases are no longer protected by qualified immunity.  Id.

56.     Plaintiff **ANGELA VELASQUEZ** has the right under the federal constitution "not to be injured or killed as a result of a police officer's reckless pursuit of an individual suspected of a summary traffic offense when there is no pending emergency and when the suspect is not actively fleeing the police" as in the present case.  Id.

57.     Establishing a claim under the state-created danger theory requires a Plaintiff to plead four elements:

(a)     the harm ultimately caused was foreseeable and fairly direct;

(b)     a state actor acted with a degree of culpability that shocks the conscience;

(c)     a relationship between the state and the Plaintiff existed such that the Plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and

(d)     a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.  Sauers, 905 F. 3d at 717; citing Haberle, at 885 F.3d 176-77.

58.     It this case, Plaintiff **ANGELA VELASQUEZ** satisfies the four elements of the

state-created danger theory because:

(a)     The harm ultimately caused to Plaintiff **ANGELA VELASQUEZ** in the violent collision was not only a foreseeable and direct result of the actions of Defendants **TWERDY** and/or **DOE** who improperly initiated and sustained the high speed chase on a narrow two lane roadway through a densely populated residential neighborhood, but it was in fact probable and likely under the circumstances;

(b)     The degree of culpability of Defendants **TWERDY** and/or **DOE** shocks the conscience.  In nearly identical factual circumstances described in the <u>Sauers</u> case, the Third Circuit held that such conduct shocks the conscience; such conduct was done with deliberate indifference and/or reveals a conscious disregard of a great risk of serious harm;

(c)     A police officer/citizen relationship existed between the state and the Plaintiff such that the Plaintiff **ANGELA VELASQUEZ**, as a pedestrian  legally traversing a public street in the vicinity of the high speed chase, was a foreseeable victim of the Defendants' acts.  Plaintiff **ANGELA VELASQUEZ**, as a pedestrian  in the vicinity of the high speed chase, was a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to simply being a member of the public in general; and

(d)     Defendants **TWERDY** and/or **DOE** were, at all times relevant hereto, state actors who, in deciding to initiate and maintain the aforesaid dangerous high speed chase through a residential neighborhood with narrow streets, affirmatively used their authority in a way that created the subject danger to Plaintiff **ANGELA**

**VELASQUEZ**, a citizen, and rendered Plaintiff **ANGELA VELASQUEZ** more vulnerable to danger than had the state not acted at all. Indeed, if Defendants **TWERDY** and/or **DOE** had not decided to initiate and maintain the aforesaid dangerous high speed chase, Plaintiff believes and therefore avers that she would not have been injured.

59.     The conscious disregard of a great risk of serious harm to Plaintiff **ANGELA VELASQUEZ** and deliberate indifference to the rights of Plaintiff **ANGELA VELASQUEZ** was evidenced by, and consisted of, *inter alia*, the following conduct by Defendants **TWERDY** and/or **DOE**:

(a)     Operating police motor vehicles at a high and excessive rate of speed under the circumstances, with knowledge that a high speed police chase through the narrow streets of that neighborhood posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**;

(b)     Failing to comply with Pennsylvania statutes relative to vehicle speed and traffic control signs, with knowledge that doing so posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**;

(c)     Failing to have the motor vehicles under proper and adequate control at the time of the collision with knowledge that doing so posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**;

(d)     Operating the said motor vehicles in a careless manner without due regard for the rights and safety of those lawfully upon the highway in the vicinity, one of whom was the Plaintiff, with knowledge that doing so posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**;

(e)     Failing to give proper and sufficient warning to the  Plaintiff and other citizens in the vicinity of the high speed vehicle chase with knowledge that doing so posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**;

(f )    Failing to pay attention to traffic  with knowledge that doing so posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**;

(g)     Failing to take into account the safety of others, including the Plaintiff with knowledge that doing so posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**;

(h)     Speeding  through narrow residential streets without care for innocent bystanders  with  knowledge  that  doing  so  posed  a  great  and heightened  risk  of  serious  harm  to  citizens  situated  as  Plaintiff **ANGELA VELASQUEZ**;

(i)     Recklessly pursuing of an individual suspected of a summary traffic offense when there was no pending emergency and when the suspect was not actively fleeing the police, with knowledge that doing so posed

a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**; and,

(j)    Improperly initiating and sustaining the high speed chase on a narrow two lane roadway, through a densely populated residential neighborhood, when it was probable and likely that doing so posed a great and heightened risk of serious harm to citizens situated as Plaintiff **ANGELA VELASQUEZ**.

60.    As a direct result of the conduct of Defendants **TWERDY** and/or **DOE** which caused a state-created danger, Plaintiff **ANGELA VELASQUEZ** was caused to sustain serious physical injuries and damages described in paragraphs 16 through 21 above.

**WHEREFORE,** Plaintiff, **ANGELA VELASQUEZ**, demands judgment against Defendants **TWERDY** and/or **DOE** in an amount in excess of **FIFTY THOUSAND ($50,000.00) DOLLARS.**

### COUNT V
### Plaintiff ANGELA VELASQUEZ v. Defendant PFRACP
### Statutory Assigned Claims Plain Benefits

61.    Plaintiff incorporates the averments of paragraphs one through sixty above by reference as fully as though they were set forth here at length.

62.    Defendants **JONES** and **WEES** were, at all times relevant hereto, uninsured as that term is defined by the MVFRL

63.    At all times relevant hereto, Plaintiff **ANGELA VELASQUEZ**:

(a)    was resident of this Commonwealth;

(b)     was injured as the result of a motor vehicle accident occurring in this Commonwealth;

(c)     was not an owner of a motor vehicle required to be registered under Chapter 13 of the Vehicle Code (relating to registration of vehicles);

(d)     was not the operator or occupant of a motor vehicle owned by the Federal Government or any of its agencies, departments or authorities;

(e)     was not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liability for, or is not required to provide, benefits or uninsured and underinsured motorist coverage;

(f)     was otherwise not entitled to receive any first party benefits under §1711 (relating to required benefits) or §1712 (relating to availability of benefits) applicable to the injury arising from the accident; and

(g)     was not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident.

64.     Therefore, Plaintiff **ANGELA VELASQUEZ** is an eligible claimant for the limited statutory first party and uninsured motorist benefits available through Defendant **PFRACP**.  See 75 Pa.C.S. §1752(a)(1)-(7).

65.     At all times relevant hereto, Plaintiff **ANGELA VELASQUEZ** is not deemed ineligible for the benefits available through Defendant **PFRACP**, because she was not:

        (a)     intentionally injuring herself or another or attempting to intentionally injure herself or another;

        (b)     committing a felony;

        (c)     seeking to elude lawful apprehension or arrest by a law enforcement official; or

        (d)     knowingly converting a motor vehicle.

66.     Based on the above set of facts, Defendant **PFRACP** is the statutory obligor for the Plaintiff's first party and uninsured motorist benefits under the  provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1701, et seq.

67.     Demand has been made upon Defendant **PFRACP** for first party benefits and uninsured motorist benefits.

**WHEREFORE,** Plaintiff **ANGELA VELASQUEZ** demands judgment against Defendant **PFRACP**, in an amount not in excess **of FIFTY THOUSAND ($50,000.00) DOLLARS** plus costs.

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**


**BY:**     *Jeffrey R. Lessin*

        **JEFFREY R. LESSIN, ESQUIRE**
        **GEOFFREY B. GOMPERS, ESQUIRE**
        **Attorneys for Plaintiff**

## VERIFICATION

Angela Velazquez _____ states that he/she is the Plaintiff named within; that he/she is acquainted with the facts set forth in the foregoing COMPLAINT; that the same are true and correct to the best of his/her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Dated: 1/21/2022

ID EadwwtCVNAKv9KwQAPDExYXR

**Plaintiff**
Angela Velazquez