## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA VELASQUEZ,** | : | **No. 3:22cv125** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **CITY OF WILKES-BARRE; POLICE** | : | |
| **OFFICER TWERDY; POLICE** | : | |
| **OFFICER JOHN DOE; UNIQUE JONES;** | : | |
| **TERDELL WEES; and** | : | |
| **PENNSYLVANIA FINANCIAL** | : | |
| **RESPONSIBILITY ASSIGNED** | : | |
| **CLAIMS PLAN,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court for disposition is the motion to dismiss Plaintiff Angela

Velasquez' civil rights complaint alleging that defendants are liable for injuries

she received during a high-speed police chase.  Defendants City of Wilkes-Barre,

Police Officer Twerdy and Police Officer John Doe filed the motion, which has

been fully briefed.[1]

_____

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

**Background[2]**

On February 10, 2021, at approximately 3:30 p.m., a vehicle struck Plaintiff Angela Velasquez, a pedestrian, as she crossed South Main Street, Wilkes-Barre, Pennsylvania at its intersection with Northampton Street. (Doc. 1, Compl. ¶¶ 8, 11). Defendant Unique L. Jones operated the vehicle, a 2008 Chevrolet Impala, which Defendant Terdell Wees owned. (Id. ¶ 9). Plaintiff suffered serious, debilitating and life-altering injuries as a result of the accident. (Id. ¶ 16).[3]

At the time, Defendants Twerdy and Doe pursued Jones at a high rate of speed in a vehicle owned by Defendant City of Wilkes-Barre. (Id.) Defendants Twerdy and Doe initiated the high-speed chase for an alleged traffic offense in the Heights section of Wilkes-Barre and continued it for approximately a mile until Defendant Jones' automobile collided with plaintiff. (Id. ¶ ¶ 40, 43). The pursuit involved vehicle speeds of up to 100 miles per hour in a neighborhood with a

---

[2] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

[3] Plaintiff's injuries included: right lower extremity injuries requiring above the knee amputation, and involving post-surgical osteomyelitis, infection and revision surgeries and debridement; soft tissue and ulceration issues at the stump of the right leg amputation; right type 3 open segmental proximal tibial shaft fracture with proximal tibia fibula dislocation and significant degloving injury and soft tissue injuries; left knee laceration; left knee traumatic arthrotomy; left knee lateral rent in the capsular tissue, as well as bony defect; left lower extremity wound which led to infection necessitating debridement; left knee wound infection; ambulatory dysfunction; adjustment insomnia; post-traumatic stress disorders and severe shock to the nerves and nervous system. (Id. ¶ 16).

speed limit of 25 miles per hour.  (Id. ¶ 42).  The pursuit lasted for at least a mile in a densely populated residential area of Wilkes-Barre, on narrow city streets and a two-way undivided roadway. (Id. ¶ 43).  As the driver, Defendant Jones, approached the area where the accident occurred, the police turned off the vehicle's lights and sirens.  (Id. ¶ 41).

Based upon the accident, the plaintiff instituted the instant five-count lawsuit.  The complaint asserts the following five causes of action:  Count 1 – Pennsylvania state law negligence versus Defendants Wilkes-Barre, Twerdy, and Doe; Count II – Pennsylvania state law negligence versus Defendant Jones; Count III – Pennsylvania state law negligence versus Defendant Wees; Count IV – Fourteenth Amendment Due Process/state-created danger action pursuant to 42 U.S.C. § 1983 versus Defendants Twerdy and/or Doe; Count V – A Statutory Claim for Benefits under the Pennsylvania Financial Responsibility Assigned Claims Plan.

Defendants City of Wilkes-Barre, Police Officer Twerdy and Police Officer John Doe have filed a Rule 12(b)(6) motion to dismiss Count IV of plaintiff's complaint involving a claim for state-created danger pursuant to 42 U.S.C. § 1983.  The police officer defendants also move to dismiss the complaint asserting qualified immunity.  As Count IV is the sole claim based upon federal law, defendants seek transfer of the case to state court upon that count's

dismissal.  The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

Count IV of the complaint raises a claim under 42 U.S.C. § 1983. Accordingly, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the

4

complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the
plaintiff must allege facts that "justify moving the case beyond the pleadings to
the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a
complaint, the court may also consider "matters of public record, orders, exhibits
attached to the complaint and items appearing in the record of the case."
Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir.
1994) (citations omitted).  The court does not have to accept legal conclusions or
unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of
Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower
Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain
statement of the claim showing that the pleader is entitled to relief," a standard
which "does not require detailed factual allegations," but a plaintiff must make "a
showing, rather than a blanket assertion, of entitlement to relief that rises above
the speculative level."  McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009)
(citations and internal quotations and quotation marks omitted).  The "complaint
must contain sufficient factual matter, accepted as true, to 'state a claim to relief
that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Defendants' motion to dismiss raises the following three issues:

- Whether Count IV of the complaint should be dismissed against Police Officer Twerdy and Police Officer John Doe for failure to state a claim of a state-created danger;

6

- Whether Police Officer Twerdy and Police Officer John Doe are entitled to qualified immunity; and

- Whether the court should transfer plaintiff's state law claims to state court in the absence of a viable federal claim.

The court will address these issues *seriatim*.

### I. State-created danger

Count IV of plaintiff's complaint alleges a "state-created danger" civil rights cause of action against Defendant Twerdy and/or Defendant Doe. These defendants move to dismiss Count IV.

Generally, the due process clause of the Fourteenth Amendment does not impose an affirmative duty on the state to protect its citizens from harms caused by other private citizens. See DeShaney v. Winnebago Cnty. Dept. of Soc. Svcs., 489 U.S. 189, 195–96 (1989). Thus, usually the plaintiff would have no claim against the police defendants for the harm caused by the privately driven car which hit her.

An exception to this general rule exists that is known as the "state-created danger" theory. The state-created danger theory can be "utilized to find a constitutional tort duty under § 1983 outside of a strictly custodial context[.]' D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1373 (3d Cir.1992). Under the "state-created danger" theory, courts ask "whether the state

7

actors involved affirmatively acted to *create* plaintiff's danger, or to render him or her more vulnerable to it." Id. (emphasis in the original).  A plaintiff must establish the following four factors to prevail on a state-created danger claim:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Sanford v. Stiles, 456 F.3d 298, 304–05 (3d Cir. 2006).

The police defendants argue that the second element, that the state actor's actions shock the conscience, has not been met.  The court disagrees.

The law provides that:

> The level of culpability required "to shock the contemporary conscience" falls along a spectrum dictated by the circumstances of each case. County of Sacramento v. Lewis, 523 U.S. 833, 847–49 & n.8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Our case law establishes three distinct categories of culpability depending on how much time a police officer has to make a decision. Haberle [v. Troxell, 885 F.3d 170,]177 [(3d Cir. 2018)] . In one category are actions taken in a "hyperpressurized environment[.]" Id. (citation omitted). They will not be held to shock the conscience unless the officer has "an intent to cause harm." Id. (citation omitted). Next are actions taken within a time frame that allows an officer to engage in "hurried deliberation." Id. (citation omitted). When those actions "reveal a conscious disregard of a great risk of serious harm" they will be sufficient to shock the conscience. Id. (quotation marks and citation omitted). Finally, actions

8

undertaken with "unhurried judgments," with time for "careful deliberation," will be held to shock the conscience if they are "done with deliberate indifference." Id. (citation omitted). Our case law is clear that this "shocks the conscience" framework for analysis applies to police-pursuit cases. Brown v. Pa. Dep't of Health & Emergency Med. Servs. Training Inst., 318 F.3d 473, 480 (3d Cir. 2003); cf. Kedra v. Schroeter, 876 F.3d 424, 432, 448 (3d Cir. 2017) (relying on pre-2014 case law to conclude that the state-created danger doctrine was a clearly established theory of liability in September 2014).

Sauers v. Boro. of Nesquehoning, 905 F.3d 711, 717-18 (3d Cir. 2018) (footnote omitted).

In Sauers, the court found conscience shocking behavior where the defendant police officer observed a car engaged in a traffic violation. He radioed ahead to another jurisdiction to potentially apprehend the violator. The officer then engaged in a high-speed pursuit with speeds over on hundred miles an hour when he lost control of his vehicle going around a curve and struck plaintiffs' vehicle. Id. at 715-17.

Similarly, here, plaintiff alleges that Defendants Twerdy and Doe pursued Jones at a high rate of speed in a vehicle owned by Defendant City of Wilkes-Barre. (Doc. 1, ¶ 9). Defendants Twerdy and Doe initiated the chase of Defendant Jones due to an alleged traffic offense in the Heights section of Wilkes-Barre and continued pursuing him for approximately a mile until finally Jones' vehicle collided with plaintiff. (Id. ¶ ¶ 40, 43).

9

The neighborhood in which the chase took place had a posted speed limit of 25 miles per hour, and the pursuit involved vehicle speeds of up to 100 miles per hour. (Id. ¶ 42). The pursuit lasted for at least a mile in a densely populated residential area of Wilkes-Barre, on narrow city streets and a two-way undivided roadway. (Id. ¶ 43).  As Defendant Jones approached the area where the accident occurred, the police turned off their lights and sirens.  (Id. ¶ 41).

These facts meet the "conscience-shocking" criteria as set forth in Sauers. Defendants argue, however, that plaintiff's complaint is "replete with . . . inaccurate statements" and that the high-speed chase did not occur as alleged by plaintiff but instead involved a suspect who had stolen a vehicle with two occupants inside.  The driver successfully eluded police and they discontinued their pursuit.  Only then, did the driver strike plaintiff.  (Doc. 22, Defs.' Supp. Br. at 7).

Defendants' motion will be denied on this point.  As explained above, at the motion to dismiss stage of the proceedings, the court must take the allegations set forth in the plaintiff's complaint as true.  Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008).  Additionally, the court "must construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id.  As plaintiff's complaint makes out a cause of action based upon the state-created

danger theory on facts similar to those set forth in Sauers, regardless of what the defendants claim are the true facts, the motion to dismiss must be denied.

## II. Qualified Immunity

Next, the defendant police officers allege that they are shielded from liability based upon qualified immunity. After a careful review, the motion will be denied on this point.

Qualified immunity shields "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 102 (1982). "In considering whether qualified immunity attaches, courts perform a two-pronged analysis to determine: (1) 'whether the facts that the plaintiff has alleged make out a violation of a constitutional right,' and (2) 'whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.' " Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017), cert. denied, 138 S. Ct. 1990 (2018) (quoting Pearson v. Callahan, 555 U.S. 223, 232 (2009)). With respect to the second, "clearly established" prong, the United States Court of Appeals for the Third Circuit has explained:

> [I]t need not be the case that the exact conduct has previously been held unlawful so long as the "contours of the right" are sufficiently clear, [Anderson v. Creighton, 483 U.S. 635, 640 (1987)], such that a "general constitutional rule already identified in the decisional law"

11

applies with "obvious clarity," [Hope v. Pelzer, 536 U.S. 730, 741 (2002)]. "If the unlawfulness of the defendant's conduct would have been apparent to a reasonable official based on the current state of the law, it is not necessary that there be binding precedent from this circuit so advising." Brown v. Muhlenberg Twp., 269 F.3d 205, 211 n.4 (3d Cir. 2001). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances," because the relevant question is whether the state of the law at the time of the events gave the officer "fair warning." Hope, 536 U.S. at 741....

Kedra, 876 F.3d at 450.

The defendant police officers argue that their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  The court disagrees.   If plaintiff's allegations are proven, the defendants may be found liable for a state-created danger based upon a high-speed police chase, which the Third Circuit Court of Appeals recognized as a possible constitutional violation in 2018. See  Sauers v. Boro. of Nesquehoning, 905 F.3d 711, 717-18 (3d Cir. 2018).  The actions plaintiff complains of occurred in 2021. (Doc. 1, ¶ 8).  A reasonable police officer in 2021 would have known that a high-speed chase could lead to a constitutional violation.  Accordingly, the motion to dismiss based upon qualified immunity will be denied.

## III.  Dismissal of state law claims

The final issue raised by the motion to dismiss is whether the state law claims should be dismissed and transferred to state court as no viable federal causes of action exist in this case.  This issue will be denied.  As set forth above,

12

the court has found that the plaintiff has pled a viable federal cause of action.

Therefore, this court also has supplemental jurisdiction over the state law claims

alleged in the complaint.   See 28 U.S.C. § 1367 (providing that "in any civil

action of which the district courts have original jurisdiction, the district courts shall

have supplemental jurisdiction over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution.").

**Conclusion**

For the reasons set forth above, the court finds that plaintiff has adequately

pled a cause of action against the police defendants under the state-created

danger theory.  The police officers are not shielded by qualified immunity, and

the state law causes of action should not be dismissed.  Accordingly, the police

officers' motion to dismiss will be denied.  An appropriate order follows.

Date: 3/28/24

**JUDGE JULIA K. MUNLEY**
**United States District Court**