IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIAVANNI T. VELASQUEZ, Administrator of the ESTATE OF ANGELA MARIE VELASQUEZ, deceased, | : : : : : | No. 3:22cv125 (Judge Munley) |
| Plaintiff | : : | |
| v. | : : : | |
| CITY OF WILKES-BARRE; POLICE OFFICER TWERDY; POLICE OFFICER JOHN DOE; UNIQUE L. JONES; TERDELL WEES; PENNSYLVANIA FINANCIAL RESPONSIBILITY ASSIGNED CLAIMS PLAN, | : : : : : : : | |
| Defendants | : | |

## ORDER

Plaintiff Jiavanni T. Velasquez, Administrator of the Estate of Angela Marie Velasquez, Deceased, asserts claims against the defendants pursuant to 42 U.S.C. § 1983 and state law. (Doc. 1). Specifically, plaintiff asserts claims pursuant to Pennsylvania's Wrongful Death Act, 42 PA. CONS. STAT. § 8301, and Pennsylvania's Survival Act, 42 PA. CONS. STAT. § 8302. (Doc. 45). Plaintiff filed a petition to settle the wrongful death and survival action against Defendant Pennsylvania Financial Responsibility Assigned Claims Plan ("Claims Plan"). (Doc. 45).

Pennsylvania law requires court approval of all settlements of actions in which damages are sought to be recovered on behalf of an estate. 20 PA. CONS. STAT. § 3323(b)(1). Pennsylvania also requires a petition "by the personal representative…setting forth all the facts and circumstances," when a proposed settlement of a claim is reached. 20 PA. CONS. STAT. § 3323(a).

On June 6, 2025, plaintiff filed a motion and a proposed order to approve a settlement between the plaintiff and Defendant Claims Plan. (Docs. 45, 45-1). On June 12, 2025, Plaintiff filed a motion to confirm and enforce the settlement against Defendants City of Wilkes-Barre, Police Officer Twerdy, and Police Officer John Doe ("Wilkes-Barre Defendants"). (Doc. 48). During a telephone conference with counsel for the parties held on June 13, 2025, counsel for plaintiff also indicated that he will be filing a stipulation of dismissal against Defendant Unique L. Jones and Defendant Terdell Wees ("Unrepresented Parties") dismissing all claims against them.

The court will approve settlement between plaintiff and Defendant Claims Plan by way of a separate order. The court will dismiss the motion to enforce settlement, (Doc. 48), regarding the Wilkes-Barre Defendants without prejudice. Each party shall bear its own costs. Plaintiff and Wilkes-Barre Defendants will have ninety (90) days in which to consummate the settlement and make the appropriate filings. Based on counsel's representations regarding finalization of

2

settlement with the Wilkes-Barre defendants and the forthcoming stipulation of dismissal as to the Unrepresented Parties, the court will direct the Clerk of Court to administratively close this case.

Date: 6/13/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court